THOMAS P. O'BRIEN
United States Attorney
CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division
DENNIS MITCHELL (Cal. State Bar No.: 116039)
Assistant United States Attorney
Environmental Crimes Section
     1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2484
     Facsimile: (213) 894-6436
     E-mail: dennis.mitchell@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. <u>09-63-CAS</u> |
| Plaintiff, | <u>PLEA AGREEMENT FOR DEFENDANT DITTY CONTAINER, INC.</u> |
| v. | |
| DITTY CONTAINER, INC., a California corporation, | |
| Defendant. | |

1.   This constitutes the plea agreement between DITTY CONTAINER, INC., a California corporation ("defendant") and the United States Attorney's Office for the Central District of California ("the USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities.

<div style="text-align:center">PLEA</div>

2.   Defendant agrees to plead guilty to count eleven of the

1  information in <u>United States v. Ditty Container, Inc., a
2  California corporation</u>, CR No. 09-63-CAS.
3     3.  Defendant will enter its guilty plea through its counsel
4  of record, authorized by resolution of defendant's Board of
5  Directors, or authorized corporate or company officer.

                      NATURE OF THE OFFENSE

7     4.  In order for defendant to be guilty of count eleven,
8  which charges a violation of Title 33, United States Code,
9  Sections 1311 and 1319(c)(1)(A), the following must be true:
10 defendant, through its employees and agents, 1) negligently
11 discharged on or about February 12, 2004; 2) pollutants, namely,
12 industrial wastewaters derived from the cleaning used industrial
13 containers; 3) into a publicly-owned treatment works maintained
14 by the County Sanitation Districts of Los Angeles County; and 4)
15 without and in violation of a permit issued by the County
16 Sanitation Districts of Los Angeles County.  Defendant admits
17 that defendant is, in fact, guilty of this offense as described
18 in count one of the information.

                           PENALTIES

20    5.  The statutory maximum sentence that the Court can impose
21 for a violation of Title 33, United States Code, Sections 1311
22 and 1319(c)(1)(A), is: 5 years probation; pursuant to 18 U.S.C.
23 § 3561(c)(2), a fine of $200,000, pursuant to 18 U.S.C.
24 § 3571(c)(5), or twice the gross pecuniary gain derived from the
25 crimes or twice the gross pecuniary loss caused to the victims of
26 the crime, pursuant to 18 U.S.C. § 3571(d), and a special
27 assessment of $125, pursuant to 18 U.S.C. § 3013(a)(1)(B)(iii).

1  The minimum mandatory fine the court must impose for a
2  misdemeanor violation of 33 U.S.C. § 1319(c)(1)(A) is $2,500 per
3  day of violation.

## FACTUAL BASIS

6. Defendant and the USAO agree and stipulate to the statement of facts provided below. This statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the sentencing guideline factors set forth in paragraph 8 below. It is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

    a. In 2003 and 2004, defendant was doing business as Ditty Container, located at 2200 North Rosemead Boulevard, El Monte, California. Defendant was primarily involved in cleaning used industrial drums and, thereafter, selling the cleaned drums to other businesses. In cleaning these used industrial drums, defendant used a caustic material which had a pH level of over 10.0. As part of its operations, defendant generated pollutants, as that term is defined in Title 33, United States Code, Section 1362(6), namely industrial wastewaters from its cleaning of the industrial drums.

    b. On or about the following dates, defendant discharged industrial wastewaters from its facility having a pH level of more than 10.0 which drained into a sewer drain (the "drain") located on defendant's facility: 1/28/04, 1/30/04, 2/2/04, 2/3/04, 2/4/04, 2/5/04, 2/6/04, 2/9/04, 2/10/04, 2/11/04, 2/12/04, 2/13/04, 2/17/04, 4/21/04, and 4/30/04.

3



c. The aforementioned sewer drain was connected to a sewer line which was operated and maintained by the County Sanitation Districts of Los Angeles County ("CSDLAC"). The sewer line would normally carry industrial wastewaters discharged by defendant to a Publically Owned Treatment Works ("POTW") which was also operated and maintained by the CSDLAC. Under the terms of its Industrial Wastewater Discharge Permit (No. 13348 R-1), which was in effect on the dates set forth above, defendant, was not permitted by the CSDLAC to discharge from its facility any industrial wastewaters which had a pH level of more than 10.0.

## WAIVER OF CONSTITUTIONAL RIGHTS

7. By pleading guilty, defendant gives up the following rights:

   a) The right to persist in a plea of not guilty.

   b) The right to a speedy and public trial by jury.

   c) The right to the assistance of legal counsel at trial at trial.

   d) The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

   e) The right to confront and cross-examine witnesses against defendant.

   f) The right to call witnesses to testify on defendant's behalf and to subpoena those witnesses to testify.

   By pleading guilty, defendant also gives up any and all rights to pursue any affirmative defenses, constitutional claims, and other pretrial motions that have been filed or could be filed.



## SENTENCING FACTORS AND RESTITUTION

8. Defendant and the USAO agree and stipulate that, pursuant to United Sates Sentencing Guidelines ("U.S.S.G.") §§ 8C2.1 and 8C2.10, the Sentencing Guidelines are not applicable in determining the fine for an organization violating statute relating to the environment. Defendant and the USAO further agree and stipulate that defendant shall be placed on organizational probation for a term of two (2) years, pursuant to U.S.S.G. §§ 8D1.1 and 8D1.2, under the following terms and conditions:

　　a. Defendant shall pay a total criminal fine of $12,000 based on the statutory penalties set forth above in paragraph 5.

　　b. Defendant shall pay the aforementioned criminal fine of $12,000 as to Count One of the Information. Payment of the criminal fine shall be made by a cashier's check payable to the Clerk fo the United States District Court, on or before September 8, 2009.

　　c. Defendant agrees to abide by and follow any lawful orders issued by any local, state, or federal regulatory agency having jurisdiction over the facility.

　　d. Defendant agrees to pay to the Clerk of the United States District Court on the date of sentencing (or as soon as the Court is able to accept the payment) the mandatory special assessment of $125 as to Count One pursuant to 18 U.S.C. § 3013(a)(1)(B)(iii).

　　e. Defendant agrees to pay restitution in the total



1 amount of $11,567 to the County Sanitation Districts Of Los
2 Angeles County for costs incurred in responding to, sampling, and
3 analyzing the discharge of the pollutants at issue in this
4 matter. Defendant further agrees that defendant will not seek
5 the discharge of any restitution obligation, in whole or in part,
6 in any present or future bankruptcy proceeding. Defendant
7 further agrees to make restitution listed above on or before July
8 8, 2009.

9. This Agreement does not limit the right of defendant or the USAO to speak at the time of sentencing consistent with the provisions set forth in this Agreement and the Factual Basis contained herein, and to provide the Court with evidence of all relevant conduct committed by defendant.

10. Pursuant to FRCP 32(c)(1)(A)(ii), the parties request that the Court waive the preparation of a pre-sentence report in this matter. The parties further request that the Court sentence defendant at the time the guilty plea to the Information is entered.

### DEFENDANT'S OBLIGATIONS

11. Defendant agrees that it will:

   a) Plead guilty as set forth in this agreement.

   b) To abide by all sentencing stipulations contained in this agreement.

   c) To appear as ordered for all court appearances and obey any other ongoing court order in this matter.

   d) Not to commit any crime.

   e) To be truthful at all times with Pretrial Services, the U.S. Probation Office, and the Court.

6



      f.  To pay the applicable special assessment at or before the time of sentencing.

### THE USAO'S OBLIGATIONS

12. If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees to dismiss the remaining counts of the Information and to abide by all sentencing stipulations contained in this Agreement.

### BREACH OF AGREEMENT

13. If defendant, at any time between the execution of this agreement and defendant's sentencing, knowingly violates or fails to perform any of defendant's agreements or obligations under this agreement ("a breach"), the USAO may declare this agreement breached. If the USAO declares this agreement breached at any time following its execution, and the Court finds such a breach to have occurred by a preponderance of the evidence as to which the USAO shall have both the burden of productio and persuasion, defendant will not be able to withdraw defendant's guilty plea, and the USAO will be relieved of all of its obligations under this agreement.

14. Following a knowing and willful breach of this agreement by defendant, should the USAO elect to pursue any charge that was not filed as a result of this agreement, then:

    a) Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the USAO's discovery of any knowing and willful breach by defendant.

    b) Defendant gives up all defenses based on the statute of limitations during the tolling period as set forth in



1 subparagraph (a), any claim of pre-indictment delay, or any
2 speedy trial claim with respect to any such prosecution, except
3 to the extent that such defenses existed as of the date of
4 defendant's signing of this agreement.

## SCOPE OF AGREEMENT

6     15. This Agreement applies only to crimes committed by
7 defendant, has no effect on any proceedings against defendant not
8 expressly mentioned herein, and shall not preclude any past,
9 present, or future forfeiture actions or other civil actions.

10     16. This Agreement does not prevent the USAO from
11 prosecuting any individual or other organization for any offense,
12 including the offenses charged in the Information.

## COURT NOT A PARTY

14     17. The Court is not a party to this agreement and need not
15 accept any of the USAO's sentencing recommendations or the
16 parties' stipulations. Even if the Court ignores any sentencing
17 recommendation, finds facts or reaches conclusions different from
18 any stipulation, and/or imposes any sentence up to the maximum
19 established by statute, defendant cannot, for that reason,
20 withdraw defendant's guilty plea, and defendant will remain bound
21 to fulfill all defendant's obligations under this agreement. No
22 one -- not the prosecutor, defendant's attorney, or the Court --
23 can make a binding prediction or promise regarding the sentence
24 defendant will receive, except that it will be within the
25 statutory maximum.

## NO ADDITIONAL AGREEMENTS

27     18. Except as set forth herein, there are no promises,
28 understandings or agreements between the USAO and defendant or



defendant's counsel. Nor may any additional agreement, understanding or condition be entered into unless in a writing signed by all parties or on the record in court.

### PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

19. The parties agree and stipulate that this Agreement will be considered part of the record of defendant's guilty plea hearing as if the entire Agreement had been read into the record of the proceeding.

This agreement is effective upon signature by defendant and an Assistant United States Attorney.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF CALIFORNIA

THOMAS P. O'BRIEN
United States Attorney

_[signature]_          5-11-09
DENNIS MITCHELL         Date
Assistant United States Attorney

As an authorized representative of defendant Ditty Container, Inc, a California corporation ("defendant"), I have read this agreement and carefully discussed every part of it with defendant's attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. Defendant's attorney has advised me of defendant's rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this agreement. No promises or inducements have been given to me or defendant other than those contained in this agreement. No one has threatened or forced me in any way to

1 enter into this agreement. Finally, I am satisfied with the
2 representation provided by defendant's attorney in this matter.
3
4   _____          5-11-09
    Authorized Representative                  Date
5   of Ditty Container, Inc., a
    California corporation
6   Defendant

7      I am defendant's attorney. I have carefully discussed every
8 part of this agreement with the authorized representative of
9 defendant. Further, I have fully advised the authorized
10 representative of defendant's rights, of possible defenses, of
11 the Sentencing Guideline provisions, and of the consequences of
12 entering into this agreement. To my knowledge, the decision of
13 defendant and its authorized representative to enter into this
14 agreement is an informed and voluntary one.
15
16  _____           5-11-09
    ANTHONY T. DITTY                            Date
17  Counsel for Defendant
    Ditty Container, Inc., a
18  California corporation
19
20
21
22
23
24
25
26
27
28